UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GAVIN B. DAVIS,

Plaintiff,

v.

SAN DIEGO COUNTY SHERIFF
DEPARTMENT,

Defendant.

Case No.: 18cv866-WQH-JLB

**ORDER**

HAYES, Judge:

The matters before the Court are the motion to dismiss for failure to state a claim (ECF No. 3), the motion for Rule 11 sanctions and perjury claim (ECF No. 5), and the motion for partial summary judgment (ECF No. 6).

## I.    BACKGROUND

On May 4, 2018, Plaintiff Gavin B. Davis, proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied his constitutional right to access to the courts. (ECF No. 1).

On May 25, 2018, Defendant Sheriff William D. Gore filed a motion to dismiss the complaint.[1] (ECF No. 3). On June 13, 2018, Plaintiff filed a response in opposition. (ECF No. 12). On June 25, 2018, Defendant filed a reply. (ECF No. 166). On June 29, 2018, Plaintiff filed a sur-reply. (ECF No. 20).

On May 29, 2018, Plaintiff filed a "FRCP 11 Motion for Sanctions and Perjury Claim (18 U.S.C. § 1621)" and a motion for partial summary judgment. (ECF Nos. 5, 6). Defendant filed responses in opposition to both motions. (ECF No. 10, 13). Plaintiff filed replies. (ECF Nos. 15, 18).

## II.    ALLEGATIONS OF THE COMPLAINT

From November 2017 until April 2018, Plaintiff was in pre-trial detention at San Diego Central Jail. (ECF No. 1 at ¶ 10; ECF No. 1-2 at 2–6).

> Plaintiff's access to the courts is being unlawfully denied in multiple capacities by [Defendant], including but not limited to not allowing the Plaintiff access to a law library, and denying the Plaintiff's ancillary services (e.g. attorney services) ability to reasonably access him during periods of detainment (e.g. November 2017 until April 2018). As a result, the Plaintiff has occurred actual injuries including but not limited to the ability to effectively collaterally attack the opposition subjecting him to the custody of Defendant SDCSD.

(ECF No. 1 at ¶ 7). During this period of pre-trial detention, Plaintiff's requests for access to the law library were denied. *Id.* ¶ 10. Plaintiff provided an "Inmate Grievance" regarding his access to the law library and related policies. *Id.* ¶ 11. The grievance form was rejected and indicated, "that it was 'not a grievance' and '[Plaintiff]' is not a pro per inmate, if [Plaintiff] becomes pro per for your criminal case, [Plaintiff] may be given access to the law library.'" *Id.* ¶ 12. Defendant has a policy of "restricting . . . access [to the law library] to exclusively pro per litigants in California state criminal defense." *Id.* ¶ 13. Plaintiff had informed Defendant in writing and orally that "he had a 'hybrid'

---

[1] Defendant Gore states that he was "apparently served as San Diego County Sheriff's Department." *Id.* at 1.

representation, being represented in the state criminal cases (e.g. SCD266332) by professional law firm, Ronis & Ronis (San Diego), and, in fact, being pro per in parallel federal cross-actions." *Id.* "Plaintiff suffered actual injury . . . as a result of being denied access to the law library facilities where he was detained." *Id.* ¶ 14.

> The conditions offered by Defendant . . . at SDCJ . . . though secondarily to the notion that the pre-trial detention, itself, is illegal, and already the subject of a cross-action (e.g. USDC SD Cal. 17-654, Davis v. SDDA el. al.), place the Plaintiff at a clear competitive disadvantage and are unconstitutional.

*Id.* ¶ 15. The Legal Research Associates program, offered in lieu of access to the law library, is inadequate because it limits research requests to one per calendar month, limits responses to 50 pages, has a turn-around time of 4–5 working days, and asserts that its services do not create an attorney-client relationship. *Id.* Further, "Plaintiff's professional visit with Callahan Attorney Services at George Bailey Donovan Facility" was interrupted by Defendant and Plaintiff was later informed that such "professional visits . . . would immediately cease without court order." *Id.* ¶¶ 17–18.

> The actions of . . . Defendant . . . compounded actual injuries to the Plaintiff, and were detrimentally impeding in further denying him access to the courts, including permissible cross-actions to the false charges he faces . . . and the tools and ability to timely research, review, prepare, file and move on collateral attack and in other capacities.

*Id.* ¶ 19. Plaintiff asserts that he is being denied his constitutional right to access to the courts. *Id.* ¶¶ 20–31.

## III. MOTION TO DISMISS

Defendant contends that the factual allegations of the Complaint are insufficient to support a denial of access to the courts claim. Defendant contends that access to a law library is not required to ensure access to the courts. Defendant asserts that Plaintiff is not a pro-per criminal defendant and contends that a criminal defendant represented by counsel has no constitutional right of access to a law library. Defendant contends that prisoners do not have a constitutional right of access to the courts to litigate unrelated civil claims.

3

Further, Defendant contends that "even if Plaintiff had articulated an entitlement to pursue civil claims, the legal resources he was provided were sufficient." (ECF No. 3-1 at 5). Defendant contends that Plaintiff cannot state a claim for denial of access to the courts based on his assertion that he was entitled to more professional visits from a process serving company. Defendant contends that Plaintiff fails to allege an actual injury. Defendant contends that Plaintiff is no longer incarcerated and his claims are therefore moot. Defendant contends that Plaintiff failed to exhaust administrative remedies.

Plaintiff contends that Defendant makes various misrepresentations and "fallacies of logic" in the motion to dismiss. (ECF No. 12 at 5–6). Plaintiff asserts that he has been represented in his criminal proceedings "(a) Pro Per . . . (b) by criminal defense attorney, Mr. Patrick J. Hennessy" in addition to the law firm of Ronis & Ronis. *Id.* at 5. Plaintiff contends that he is being denied his constitutional right to access to the courts because his federal litigation is a "legally permissible cross-action and collateral attack to the California State criminal proceedings." *Id.* at 7. Plaintiff asserts that Defendant's statement that "Plaintiff has never been a pro-per criminal defendant" constitutes perjury because "even though Ronis & Ronis is retained as defense counsel in state criminal proceedings . . . Plaintiff, at all times, can and has been represented in a 'horizontal' capacity as co-counsel, and has such unconditional right under the 6th Amendment." *Id.* Plaintiff contends that his Complaint demonstrates a plausible right to relief.

## A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**B. Discussion**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). In *Bounds v. Smith*, the Supreme Court of the United States stated that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977); *see also Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "The Court subsequently made clear, however, that *Bounds* 'guarantee[d] no particular methodology but rather the conferral of a *capability*-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Phillips*, 588 F.3d at 655 (quoting *Lewis*, 518 U.S. at 356). Inmates do not have "an abstract, freestanding right to a law library or to legal assistance[;]" rather, inmates have a constitutional right to "meaningful access to the courts." *Lewis*, 518 U.S. at 351. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish

5

relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* "Moreover, there is a causation requirement: an inmate must show that official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" *Phillips*, 588 F.3d at 655 (citing *Lewis*, 518 U.S. at 351).

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351.

In this case, Plaintiff alleges that he was denied access to the law library, that the legal research associates program is inadequate, and that he was unable to meet with an ancillary legal services company. Lack of access to a law library and alleged shortcomings of a legal assistance program alone are insufficient to support a claim for the denial of access to the courts. *See, e.g.*, *Phillips*, 588 F.3d at 655; *Lewis*, 518 U.S. at 351. Plaintiff must also allege sufficient facts to demonstrate that he suffered an actual injury and that his efforts to pursue a legal claim were hindered. In this case, Plaintiff alleges that his ability to litigate his federal claims, which he describes as "collateral attacks" on his state criminal case, has been impaired. Plaintiff asserts that he lacks the "tools and ability to timely, research, review, prepare, file and move on collateral attack and in other capacities." (ECF No. 1 at ¶¶ 19, 23). These conclusory statements fail to demonstrate an actual injury for purposes of an access to the courts claim. The Court concludes that the allegations of the Complaint are insufficient to support a plausible inference that the denial of access to the law library and the alleged shortcomings of the legal assistance program at the San Diego Central Jail hindered Plaintiff's efforts to pursue a legal claim.

Plaintiff also alleges that he has been denied access to the courts through the denial of access to ancillary legal services. Plaintiff alleges that he has been represented by counsel in his underlying criminal proceedings and does not allege that this representation has been impeded. Further, Plaintiff has no absolute right to counsel in civil proceedings.[2] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Plaintiff fails to state a claim for denial of access to the courts. The motion to dismiss is granted in its entirety.[3]

## IV.   MOTION FOR SANCTIONS

Plaintiff moves the Court for sanctions against counsel for Defendant, Ronald Lenert, as well as the initiation of criminal charges for perjury. Plaintiff contends that counsel "willfully and knowingly misrepresents facts seeking dismissal." (ECF No. 5 at 1-2). Plaintiff asserts that the safe harbor provision of Federal Rule of Civil Procedure 11 is inapplicable because counsel has committed perjury. *Id.* at 6. Plaintiff contends that the statement that "Plaintiff has never been a pro-per criminal defendant" constitutes perjury. *Id.* at 8.

Defendant contends that the request should be denied as improper and that Plaintiff's allegations of perjury are misplaced. Defendant states, "the contested issue (that Defendant's counsel failed to acknowledge Plaintiff had at previous times to his incarceration been unrepresented by defense counsel) is not material to this litigation, which only involves whether Plaintiff had adequate representation while incarcerated." (ECF No. 13 at 4). Defendant states, "Given the improper nature of Plaintiff's present request, as well as his pattern of harassing communications to Defendant and counsel, the

---

[2] Plaintiff does not specifically assert a denial of assistance of counsel claim but states that "the right of access to counsel is an essential component of the right of access to the courts" and that the "right to counsel includes the right to ancillary services." (ECF No. 1 at 11). Plaintiff does not allege facts to demonstrate that his alleged inability to meet with Callahan Attorney Services, which provides ancillary legal services, caused him any injury. Callahan Attorney Services is not alleged to represent Plaintiff as counsel in any of his proceedings.

[3] Plaintiff's motion for partial summary judgment is denied as moot. (ECF No. 6).

Court should consider imposing reasonable sanctions against Plaintiff, and/or an appropriate admonishment against future tactics." *Id.* at 6.[4]

Federal Rule of Civil Procedure 11(c) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(1). Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 contains a "safe harbor" provision, which requires a party seeking sanctions "to give the opposing party 21 days" to withdraw or otherwise correct the offending paper before filing the motion for sanctions. *Id.* at 678; Fed. R. Civ. P. 11(c)(1)(A). The Court of Appeals for the Ninth Circuit enforces the safe harbor provision "strictly," and "must reverse the award of sanctions when the challenging party [fails] to comply with the safe harbor provisions, even when the underlying filing is frivolous." *Holgate*, 425 F.3d at 678; *see also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wretch both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion").

Plaintiff has failed to comply with the 21-day safe harbor provision of Rule 11. In this case, Plaintiff complains of statements made by Defendant's counsel in the motion to dismiss, which was filed on May 25, 2018. Plaintiff filed his motion for sanctions under

---

[4] Defendant's request for sanctions included in his response in opposition is denied as procedurally improper. Defendant may file any request for sanctions by motion and pursuant to the requirements of Federal Rule of Civil Procedure 11.

Rule 11 four days later on May 29, 2018. Plaintiff does not assert that he provided any notice of this motion to Defendant. Plaintiff's motion for sanctions is denied.

## V. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant is granted. (ECF No. 3).

IT IS FURTHER ORDERED that the motion for sanctions filed by Plaintiff is denied. (ECF No. 5).

IT IS FURTHER ORDERED that the motion for summary judgment filed by Plaintiff is denied as moot. (ECF No. 6).

Dated: August 14, 2018

Hon. William Q. Hayes
United States District Court